IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUSTO L. CINTRON-BOGLIO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 13-1225 (DRD)
(CRIMINAL 08-0204(DRD))

OPINION AND ORDER

"The quality of mercy is not strain'd, . . . it blesseth him that gives and him that takes." William Shakespeare, *The Merchant of Venice*, act IV, sc. 1 (1596). Not satisfied with the quality of the court's mercy in modifying his sentence under the Fair Sentencing Act of 2010, petitioner, a convicted drug trafficker, now seeks federal habeas corpus relief to which he is ultimately not entitled.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2008, petitioner Justo L. Cintron-Boglio and 110 other defendants were charged in a seven-count indictment.  Count One charged petitioner in that he (and the others) did knowingly and intentionally combine, conspire, confederate and agree with each other and with diverse other persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or distribute controlled substances, that is, in excess of fifty grams of cocaine base, a Schedule II

CIVIL 13-1225 (DRD)                                2
(CRIMINAL 08-0204 (DRD))

Narcotic Drug Controlled Substance, and/or in excess of one kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance, and/or in excess of five kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance, and/or in excess of one hundred pounds of marijuana, a Schedule I Controlled Substance, within 1,000 feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground, as prohibited by 21 U.S.C. §§ 841(a)(1) and 860. All in violation of Title 21 United States Code Section 846. (Criminal 08-0204, Docket No. 3). Counts Two through Five charge violations of the corresponding substantive charges related to the overall conspiracy. Count Six charged petitioner and 33 other defendants with knowingly and intentionally combining, conspiring, confederating and agreeing with each other and with diverse other persons, to commit an offense against the United States, that is, to knowingly and intentionally possess firearms during and in relation to a drug trafficking crime as charged in Counts One through Five, as prohibited by Title 18 U.S.C. § 924(c)(1)(A). All in violation of 18 U.S.C. §§ 924(o). (Id. at 35-37).

 Petitioner appeared before me for arraignment on July 9, 2008 and entered a plea of not guilty to the charges. (Crim. No. 08-204, Docket No. 605). On January 15, 2010, petitioner changed his plea to one of guilty as the result of a plea agreement entered into with the United States. (Criminal 08-

CIVIL 13-1225 (DRD)                                    3
(CRIMINAL 08-0204 (DRD))

204, Docket No. 2981.)   The agreement allowed the petitioner to request no less than a 121-month term of imprisonment at sentencing while the United States reserved the right to recommend a sentence of 151months.  (Criminal 08-204, Docket No. 2997).   Petitioner later moved to withdraw his guilty plea and after a multi-faceted motion practice, he withdrew the motion to withdraw his plea of guilty. (Crim. No. 08-204, Docket No. 4171).   Petitioner was then sentenced on August 18, 2010 to 120 months imprisonment as to Count One of the indictment.  Counts Two through Seven of the indictment were then dismissed.  (Criminal 08-0204, Docket No. 4172).   No notice of appeal was filed.

On March 18 and June 13, 2011, petitioner, pro se, moved to reduce his sentence.  (Criminal 08-204, Docket Nos. 4378 , 4428).  Petitioner sought to remove the three-level enhancement for a leadership role from the sentencing calculus, and also sought reduction of his sentence under the Fair Sentencing Act of 2010.  (Criminal No. 08-204, Docket No. 4378 at 4, 7).  He further sought reduction specifically within the range of 63-78 months, relying on his calculations of the sentencing guidelines, specifically the amendments to U.S.S.G. 2D1.1(c)[1]. (Crim. No. 08-204, Docket No. 4428 at 6).   Then on

---

[1] This is the Drug Quantity Table.  See e.g. United States v. Aponte-Guzman, 696 F.3d 157, 159 (1st Cir. 2012).

CIVIL 13-1225 (DRD) 4
(CRIMINAL 08-0204 (DRD))

January 12, 2012, petitioner, now represented by the Federal Public Defender of Puerto Rico, again moved to reduce sentence pursuant to 18 U.S.C. § 3582(c). (Crim. No. 08-204, Docket No. 4678). Petitioner reminded the court that it was not bound by the statutory minimum of ten years, citing United States v. Douglas, 644 F.3d 39 (1st Cir. 2011). On March 29, 2012, the U.S. Probation Officer reported to the court that petitioner was not eligible for sentence reduction because he had been sentenced to the statutory minimum term of imprisonment applicable at the time the original sentence was imposed. (Criminal No. 08-204, Docket No. 4885 at 2).

    Nevertheless, on May 7, 2012, the parties filed a stipulation to reduce the sentence from 120 months to 97 months of imprisonment. (Criminal 08-204, Docket No. 4941). The stipulation was approved and the court entered an order reducing the sentence accordingly. (Criminal 08-204, Docket No. 4948). Three months later, on August 27, 2012, petitioner, pro se, moved for reconsideration. (Criminal 08-204, Docket No. 5193). Specifically, he argued that he should be sentenced to 63 months imprisonment because the new sentencing range applicable after August 3, 2010 provided for a range of 63-78 months. To this end, he relies on the Administrative Directive issued by the

CIVIL 13-1225 (DRD)                                    5
(CRIMINAL 08-0204 (DRD))


court on September 21, 2011.² Misc. No. 11-437(ADC).  Petitioner moved to amend the request for reduction of sentence on November 27, 2012, arguing that his sentence of 97 months was calculated under the pre-Fair Sentencing Act guidelines. (Crim. No. 08-204, Docket No. 5269).  Relying on the stipulated sentence, the court denied the motions for reduction on November 29, 2012. (Criminal 08-204, Docket No. 5263).   No appeal followed any of these decisions.

## II.  MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

This  matter is before the court on motion filed by on March 18, 2013 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  (Docket No. 1).  The government filed a response in opposition to the motion on April 22, 2013.  (Docket No. 7).   Parties have consented to disposition before a United States magistrate judge pursuant to 28 U.S.C. 636(c).

Having considered the arguments of the parties and for the reasons set forth below, the motion to vacate sentence is denied as time-barred.

---

²The Administrative Directive details the streamlined procedure to be followed by the court in determining the applicability of a reduction of sentence under 18 U.S.C. § 3582 (c)(2). It clearly explains that the reduction of sentence process is restricted to the policy statement of U.S.S.G. § 1B1.10. Id. at 6. It also notes that modification of sentence is not a right. Id. at 3. A previous Administrative Directive was issued on February 15, 2008.  Misc. No. 08-031 (JAF).  It also provided a roadmap for the implementation of 18 U.S.C. § 3582 (c)(2).

CIVIL 13-1225 (DRD)  6
(CRIMINAL 08-0204 (DRD))

## A. ARGUMENT

Petitioner claims that he was constructively denied counsel when his latest attorney failed to consult with him before stipulating to imposition of the reduced criminal sentence. (Docket No. 1 at 4, ¶ 12). He further argues that he was constructively denied counsel during the resentencing when counsel failed to prepare and submit a sentencing memorandum which would have shown post-arrest rehabilitation. (Docket No. 1 at 5). Petitioner argues in his third and final ground for relief that the district court erred in choosing to accept a multi-prison omnibus settlement in deciding the petitioner's sentence, and although understandable because of the stipulation, such decision violated petitioner's right to due process of law. (Docket No. 1 at 7). Specifically, the remedy he seeks is that the 97-month sentence be reduced to 67 months. (Docket No. 1 at 13).

On April 22, 2013, the government filed a response in opposition to the petitioner's motion. (Docket No. 7). In a nutshell, the government notes that petitioner was not entitled to counsel at the resentencing hearing, and that the order of May 12, 2012 did not reset the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), thus rendering this petition untimely.

## B. ANALYSIS

CIVIL 13-1225 (DRD)                              7
(CRIMINAL 08-0204 (DRD))


On August 18, 2010, fifteen days after the enactment of the Fair Sentencing Act of 2010, codified in 21 U.S.C. §§ 841, 960, petitioner was sentenced to 120 months imprisonment.[3]  No appeal was taken so that the conviction became final on September 8, 2010.  At the time of sentencing, the court used the United States Sentencing Guidelines in effect (November 1, 2009).  Petitioner stipulated to being held responsible for at least 50 but less than 150 grams of cocaine base for a base offense level of 30, plus the two level enhancement to the quantity of controlled substances directly involving a protected location. See U.S.S.G. §2D1.2(a)(1).  This established an adjusted base offense level of 32.  Petitioner was depicted as a supervisor in a conspiracy involving five or more participants and a three level enhancement was therefore applied, offset by a three level reduction for acceptance of responsibility.  U.S.S.G. §§ 3B1.1(b), 3E1.1).  The applicable sentencing range for a total offense level of 32 was between 121 to 151 months, with the parties allowed to argue for the upper and lower end of the guideline range.

---

[3] Had petitioner been sentenced prior to August 3, 2010, the Fair Sentencing Act of 2010's statutory minimum requirements would not have applied to him. See United States v. Goncalves, 642 F.3d 245 (1st Cir. 2011). The Fair Sentencing Act raised the drug quantity thresholds of crack cocaine required to trigger the 10-year mandatory minimum imprisonment term from 50 to 280 grams. See 21 U.S.C. § 841(b)(1(A)(iii); United States v. Douglas, 644 F.3d at 40-41 (1st Cir. 2011).

CIVIL 13-1225 (DRD)                                     8
(CRIMINAL 08-0204 (DRD))

The revised guideline calculations contained in the stipulation filed on May 7, 2012 reflected a total offense level of 30, with a sentencing range of between 97 to 121 months. The parties agreed that petitioner was eligible for modification of his sentence pursuant to 18 U.S.C. 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the United States Sentencing Commission Guidelines Manual. The parties stipulated a sentence at the lower end of the guidelines. (Crim. No. 08-204, Docket No. 4941). Since the original guideline sentencing range had been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. 994(u), the court approved the stipulation and modified the sentence accordingly. (Crim. No. 08-204, Docket Nos. 4942, 4948). Petitioner then waited ten months to let be known his dissatisfaction with the 97-month sentence. (Crim. No. 08-204, Docket No. 5316).

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

CIVIL 13-1225 (DRD)                               9
(CRIMINAL 08-0204 (DRD))


28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing.  Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)).

*Ineffective Assistance of Counsel*

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."  U.S. Const. amend. 6.  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984).  "This inquiry involves a two-part test."  Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007).  "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'"  Id. (quoting Strickland v. Washington, 466 U.S. at 690.)  "This evaluation of counsel's performance 'demands a fairly tolerant approach.'"  Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)).  "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have

CIVIL 13-1225 (DRD)                              10
(CRIMINAL 08-0204 (DRD))

known, at the time his tactical choices were made and implemented.'" <u>Rosado v. Allen</u>, 482 F. Supp. 2d at 101 (quoting <u>United States v. Natanel</u>, 938 F.2d 302, 309 (1st Cir. 1991)).  The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Smullen v. United States</u>, 94 F.3d 20, 23 (1st Cir. 1996) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 689).  "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'"  <u>Rosado v. Allen</u>, 482 F. Supp. 2d at 101 (quoting <u>Scarpa v. DuBois</u>, 38 F.3d at 8) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 694); see <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473, 1482 (2010) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 688): <u>Argencourt v. United States</u>, 78 F.3d 14, 16 (1st Cir. 1996); <u>Scarpa v. Dubois</u>, 38 F.3d 1, 8 (1st Cir. 1994); <u>Mattei-Albizu v. United States</u>, 699 F. Supp. 2d 404, 407 (D.P.R. 2010).

In <u>Hill v. Lockhart</u> the Supreme Court applied <u>Strickland</u>'s two-part test to ineffective assistance of counsel claims in the guilty plea context. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel.").  As the <u>Hill</u> Court explained, "[i]n the

CIVIL 13-1225 (DRD)  11
(CRIMINAL 08-0204 (DRD))

context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. at 58-59. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. Finally, the Strickland standard also applies to representation at the appellate level. Dell v. United States, 710 F.3d 1267, 1273 (11th Cir. 2013).

The Strickland standard, however, has never been applied to adequate legal representation on collateral review and indeed, petitioner does not have an automatic right to counsel post conviction. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987); Ellis v. United States, 313 F.3d 636, 652-53 (1st Cir. 2002); cf. Martinez v. Ryan, 132 S. Ct. 1309, 1315-17 (2012); United States v. Gonzalez-Vazquez, 219 F.3d 37, 41-42 (1st Cir. 2000). This is true, notwithstanding courts assigning counsel in the event an evidentiary hearing is called for.[4] In terms of enforcing the constitutional right

---

[4] Rule 8(c) of the Rules Governing Section 2255 Proceedings requires the appointment of counsel if an evidentiary hearing is required. See Bucci v. United States, 662 F.3d 18, 34 (1st Cir. 2011).

CIVIL 13-1225 (DRD)                             12
(CRIMINAL 08-0204 (DRD))

to counsel, such right stops after the first appeal.  See Coleman v. Thompson, 501 U.S. 722, 755-57, 111 S. Ct. 2546, 2567-2568 (1991), cited in United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995); Ross v. Moffitt, 417 U.S. 600, 616, 94 S. Ct. 2437, 2446-2447  (1974).   Similarly, there is no right to counsel in proceedings brought under § 3582(c)(2).  United States v. Harris, 568 F.3d 666, 668-69 (8th Cir. 2009); United States v. Webb, 565 F.3d 789, 793-94 (11th Cir. 2009);  United States v. Forman, 553 F.3d 585, 590 (7th Cir. 2009); cf. United States v. Robinson, 542 F.3d 1045, 1051-52 (5th Cir. 2008); United States v. Taylor, 414 F.3d 528, 535-36 (4th Cir. 2005).   After all, a motion pursuant to § 3582(c) "is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000), quoting United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999).  If the Sixth Amendment right to counsel does not apply on collateral review, *a fortiori* nor does the violation of any purported Sixth Amendment right to adequate representation of counsel.  In other words, the plenary constitutional right to counsel diminishes to a statutory right post appeal, and only under rare circumstances is it applicable in such a case.   This is not that case.  The temptation to weigh the quality of petitioner's legal representation in an

CIVIL 13-1225 (DRD)  13
(CRIMINAL 08-0204 (DRD))

ancillary or collateral proceeding is tempered by the ultimate outcome of his tardy motion. I explain further.

## C. LIMITATIONS

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997). The current petition was filed well over a year from the date petitioner's sentence became final and unappealable. In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

CIVIL 13-1225 (DRD) 14
(CRIMINAL 08-0204 (DRD))

The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011).[5] Rather, petitioner relies exclusively on Magwood v. Patterson, 130 S. Ct. 2788 (2010) in claiming that the petition has been filed in a timely manner. The complex and fragmented procedural history in Magwood can hardly be considered analogous to the background of the present case. Magwood, a state prisoner sentenced to death, challenged his sentence in a motion brought under 28 U.S.C. § 2254. That motion was granted in part. Magwood v. Smith, 608 F. Supp. 218 (D. Ala. 1985). That decision was affirmed. Magwood v. Smith, 791 F.2d 1438 (11th Cir. 1986). After a new sentencing hearing, he was again sentenced to death. The sentence was affirmed on appeal and Magwood filed another motion under 28 U.S.C. § 2254, which was granted in part. Magwood v. Culliver, 481 F. Supp. 2d 1262 (M.D. Ala. 2007). The Eleventh Circuit reversed in part, finding the motion a second or successive motion. Magwood v. Culliver, 555 F.3d 968, 975-76 (11th Cir. 2009). The Supreme Court reversed, finding that Magwood had been resentenced, and

---

[5] In his own words, petitioner was well aware as early as March 18, 2011, well within the limitations period, that he had some good arguments to support a motion under 28 U.S.C. § 2255. (Crim. No. 08-204, Docket No. 4378 at 8, ¶ 3).

CIVIL 13-1225 (DRD)            15
(CRIMINAL 08-0204 (DRD))

that the second petition was a first application for relief from that later sentence.  Magwood v. Patterson, 130 S. Ct. at 2797-2801.   A resentencing and a modification of sentence may appear to be a distinction without a difference to petitioner, but  substantively such difference exists, regardless of whether some courts use the word resentence or the term modification of sentence interchangeably.  I explain.

    Title 18 U.S.C. § 3582(c)(2) states:

"The court modify a term of imprisonment once it has been imposed except that–
    (1) . . .

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 944(o) upon motion of the defendant . . ., or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

    This section allows a court to modify an imposed term of imprisonment "on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  Such a modification does not affect the date on which the judgment of conviction becomes final "for all other purposes".  The concept and reality of finality are of essence to the limitations redoubt.  Basically, the modification of a sentence is not a full resentencing.

CIVIL 13-1225 (DRD)                              16
(CRIMINAL 08-0204 (DRD))

See Dillon v. United States, 130 S.Ct. 2683, 2692 (2010).  "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." Id. at 2690; see United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).   Thus, the date of final conviction remains intact for purposes of § 2255 review.

At best, petitioner is entitled to ask the court to seek a reduction within the narrow constraints established by the United States Sentencing Commission, and  such entitlement does not extend to consideration of other sentencing dispositions.  United States v. Dunn, 631 F3d 1291, 1293 (D.C. Cir. 2011).   Such entitlement does not include collateral relief based upon a violation of the United States Constitution.  See e.g. United States v. Bravo, 203 F.3d 778, 782 (11th Cir.  2000).  The motion now before my consideration was filed two and a half years after the conviction became final.  The conviction became no less final when petitioner filed motions to reduce his sentence under the Fair Sentencing Act of 2010 and 18 U.S.C. § 3582(c).

### III.  CONCLUSION

Because I find that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is time-barred, and that there is no right to counsel in

CIVIL 13-1225 (DRD)                                17
(CRIMINAL 08-0204 (DRD))

a proceeding brought under 18 U.S.C. § 3582(c), I do not reach the first prong of <u>Strickland</u> arguably applied to a post-conviction ancillary or collateral proceeding.  Nor do I elaborate further on the reasoning behind petitioner's argument as to resentencing.  Finally, the argument that the district court erred in choosing to accept a multi-prison omnibus settlement in deciding the petitioner's sentence, which ultimately violated petitioner's right to due process of law, is too ethereal to be weighed and is at best totally undeveloped. <u>See</u> <u>Nikijuluw v. Gonzales</u>, 427 F.3d 115, 120 n.3 (1st Cir. 2005);  <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

     In view of the above,  petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is denied.  The Clerk is directed to enter judgment accordingly.

     At San Juan, Puerto Rico, this 6th day of May, 2013.

                                         S/JUSTO ARENAS
                            United States Magistrate Judge

CIVIL 13-1225 (DRD)  18
(CRIMINAL 08-0204 (DRD))